

NUMBER 13-13-00028-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE TEXAS DEPARTMENT
OF FAMILY AND PROTECTIVE SERVICES

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez, and Longoria
Per Curiam Memorandum Opinion[1]

Relator, Texas Department of Family and Protective Services, filed a petition for writ of mandamus in the above cause on January 22, 2013, requesting that we vacate certain portions of the "Placement Review Order and Order Dismissing the Department as Conservator and Order Appointing Joint Temporary Managing Conservatorship," signed on November 14, 2012, which required relator to pay for foster care assistance and day-care. That same day, the Court requested that the real parties in interest,

---

[1] See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Elisa, Ruben, intervenors Joe and Shelia, guardian ad litem Denise Ballinger, attorney ad litem Larry Adams, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus on or before the expiration of ten days from the date of this order. *See* TEX. R. APP. P. 52.2, 52.4, 52.8.

Relator has now filed a motion to dismiss this original proceeding on grounds that it has been rendered moot by subsequent orders issued by the trial court. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal."); *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that, for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought).

The Court, having examined and fully considered the petition for writ of mandamus and the motion to dismiss, is of the opinion that this matter has been rendered moot. Accordingly, the Court GRANTS the motion to dismiss and DISMISSES the petition for writ of mandamus as moot. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed
on this 6th day of February, 2013.